UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BEESON, et al., | |
| Plaintiffs, | |
| | No. 24 CV 8288 |
| v. | |
| | Judge Manish S. Shah |
| CONTINENTAL PROPERTIES COMPANY, INC., et al., | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Plaintiffs, Thomas and Donna Beeson, and defendant, Continental 165 Fund LLC—a former affiliate of defendant Continental Properties Company, Inc.—executed a series of agreements as part of a real estate transaction. Plaintiffs allege that the defendants breached one of these agreements by encumbering the property through various easements. Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim. For the reasons discussed below, defendants' motion to dismiss is granted.

## I.  Legal Standards

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts

"accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022).

That said, district courts are free to consider "'any facts set forth in the complaint that undermine the plaintiff's claim.'" *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992) (quoting *R.J.R. Servs. Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). This includes both exhibits attached to the complaint and documents referenced in the pleading if central to the claim. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Id.*

## II.    Background

In the 1990s, Thomas and Donna Beeson acquired property in Lake County, Illinois. [17] ¶ 9.[1] The property included a North Parcel and a South Parcel. [17] ¶ 12. The couple designed plans for a mix of commercial and residential uses on the property and entered into a series of development agreements with Continental Properties Company, Inc, beginning in 2012. [17] ¶ 11.

Over three years, the parties (or their affiliates) entered into two Real Property Option Agreements (the North Parcel Option Agreement and South Parcel Option

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing. The court has subject-matter jurisdiction over this case because plaintiffs are citizens of Illinois, defendant Continental Properties Company, Inc. is a corporation organized and with its principal place of business in Wisconsin, defendant Continental 165 Fund LLC is a limited liability company whose sole member (Continental) is a citizen of Wisconsin, and the amount in controversy is $5 million. [17] ¶¶ 1–4, 45; 28 U.S.C. § 1332(a)(1).

Agreement) and six amendments to the North Parcel Option. [17] ¶ 12. The South Parcel Option was between the Beesons (as buyers) and Continental 165 Fund LLC (as sellers). [17] ¶ 12. The North Parcel Option was between the Beesons (as sellers) and Continental Beeson Corner LLC, a limited liability company indirectly owned by plaintiffs, [17-9] at 6, (as buyer). [17] ¶ 12. Taken together, these agreements govern the ownership and pre-annexation rights of the two parcels constituting the Beesons' land. [17] ¶ 12.

In January 2016, plaintiffs were alleged to be in default on the South Parcel and filed for protection under Chapter 11 of the U.S. Bankruptcy Code. [17] ¶ 14. Plaintiffs' bankruptcy estate included their rights to both parcels. [17] ¶ 15. In the bankruptcy case, plaintiffs filed a motion to assume the option agreements. [17] ¶ 17. The motion included a proposed order, with plaintiffs explicitly seeking court authorization to purchase the South Parcel "on the terms set forth in the North Parcel Option upon the timely exercise of the North Parcel Option." [17-9] ¶ 57. The bankruptcy court granted the assumption motion and adopted its language for the transfer of the South Parcel. [17] ¶ 18.

About two months later, 165 Fund recorded three "Midnight Easements." [17] ¶ 35. The Reciprocal Easement Agreement granted reciprocal access rights for both parcels onto Route 43 and Route 22. [17] ¶ 21. The Utility Easement Agreement permitted the installation of additional utility lines on the South Parcel. [17] ¶ 27. The Pathway Easement Agreement permitted the construction of a new sidewalk

connecting the parcels with the abutting intersection. [17] ¶ 32. None these easements constitute a monetary lien.

Plaintiffs again filed for bankruptcy in 2021. [25-5].[2] As part of this proceeding, plaintiffs petitioned the bankruptcy court to hold that the Utility Easement Agreement was an encumbrance in violation of the court's order granting the motion to assume the option agreements. [25-2]. The bankruptcy court denied plaintiffs' motion, though the court's docket does not state the reasons for the decision. [25-5].

Plaintiffs filed the present case as a breach of contract claim against 165 Fund for failing to return title of the South Parcel to them, free and clear. [17] ¶ 46–52. Plaintiffs also bring an alter ego claim against Continental on the grounds that 165 Fund dissolved in 2018 and Continental "mandated 165 Fund's course of action." [17] ¶ 53–70.

## III. Analysis

Both defendants move to dismiss both claims. They argue that the applicable contract is the North Parcel Option and that thus no breach of the South Parcel Option occurred. In the alternative, the defendants also argue that (1) plaintiffs fail to adequately plead damages; (2) plaintiffs knowingly exercised the Reciprocal Easement Agreement; (3) plaintiffs are estopped from challenging the Utility Easement; (4) the merger doctrine precludes challenging the Utility and Pathway

---

[2] Defendants' exhibits are not, as plaintiffs would have it, "conclusionary red herrings" unfit for consideration at the motion to dismiss phase. *See* [26] at 7–8. These documents pertain to bankruptcy proceedings implicating the same land at issue in this case and are both "concededly authentic" and "central to the plaintiff's claim." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Easements; and (5) the statutes of frauds and limitations bar any claims arising from the breach of an oral contract. Defendants' first argument is dispositive, and I don't reach the others.[3]

Illinois law, the law of the state in which this federal court sits, applies. *Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010). Under Illinois law, a breach of contract claim has four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019). "A breach of contract claim requires an identifiable breach of a contract term." *Id.*

The validity of the South Parcel Option is not in dispute. Rather, the parties disagree over whether defendants had any obligations under that option at the time the easements were recorded. If so, breach of contract would be a viable claim. But if defendants lacked obligations under the South Parcel Option, then a breach of contract claim would not be viable. *See Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 522 (7th Cir. 2025) (noting that a "breach-of-contract theory fails" where the defendant has no obligation under the disputed contract).

Plaintiffs allege that 165 Fund was under a contractual duty to transfer the South Parcel free and clear of all encumbrances, consistent with the South Parcel

---

[3] Accepting all statements in the complaint as true, it is not implausible that plaintiffs would be able to establish damages if a breach occurred. Whether plaintiffs would be capable of proving such damages "to a reasonable certainty" is a more appropriate question after factual development. *See TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 636–36 (7th Cir. 2007).

Option. But, as defendants point out, any obligation to return the South Parcel was limited to a prohibition against monetary liens under the Fifth Amendment to the North Parcel Option.

When plaintiffs appeared in bankruptcy court in 2016, they asked the court to enter an order "[a]uthorizing and approving the purchase of the South Parcel by Debtors from Continental 165 Fund LLC on the terms set forth in the North Parcel Option upon the timely exercise of the North Parcel Option." [17-9] ¶ 57. The court entered such an order. [17-10].

True, the bankruptcy court order did not "void" the South Parcel Option. *See* [26] at 7. But just because that option was not voided by the bankruptcy court does not mean the South Parcel Option governs the parties' obligations. The Fifth Amendment to the North Parcel Option states that, if the North Parcel Option was exercised, Continental would need to return the South Parcel free and clear only of *monetary* liens. [17-7] ¶ 2. The South Parcel Option sprang to life only if the North Parcel Option was not timely exercised. [17-2] at 2 ("Buyer may exercise the Option at any time from the expiration or earlier termination of the [North Parcel Option.]"). As soon as the North Parcel Option was timely exercised, which it undisputably was, [17] ¶ 42, any obligations under the South Parcel Option ceased and the North Parcel Option became the governing document.

This is not inconsistent with the portion of bankruptcy order cited by plaintiffs. *See* [26] at 8. Indeed, Paragraphs (E) and (F) are not mutually exclusive: plaintiffs were authorized to assume the South Parcel Option with 165 Fund according to the

6

terms of the South Parcel Option *up and until* the timely exercise of the North Parcel Option. [17-10]. Further, the order spoke only about the "terms" of the purchase—it did not affect the description of the property as set forth in the South Parcel Option.

Because plaintiffs allege a breach of the South Parcel Option, under which the parties had no obligations because that option's contingency never occurred, they have failed to state a claim upon which relief can be granted.

In opposing the motion to dismiss, plaintiffs offhandedly assert that "there is an argument to be made that Defendant breached the [North Parcel Option] as well." [26] at 9. Plaintiffs may not amend their complaint through a response brief. *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Further, when plaintiffs do not propose how they would cure a deficient complaint, district courts can "quite reasonably" conclude that an amendment "would suffer the same flaws as the one before it." *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 401 (7th Cir. 2006). There is no evidence to suggest that defendants "intentionally cloud[ed]" the title to the South Parcel. [26] at 9. To the contrary, plaintiffs were aware of—and even proponents of—the very easements they seek now to challenge. *See, e.g.*, [17-9] ¶ 7; [17-11]; [25-4] at 19–20. The North Parcel Option provided for the return of the South Parcel free of monetary liens, and there are no allegations that any encumbrances amounted to monetary liens. There was no breach of the North Parcel Option and amendment would be futile. Dismissal is with prejudice.

7

IV.    **Conclusion**

Continental's motion to dismiss, [24], and 165 Fund's motion to dismiss, [32], for failure to state a claim are granted. The first amended complaint is dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: September 12, 2025